IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. ILIA M. LABORDE PEREZ, et als.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. ODETTE PIÑEIRO CABALLERO, et als.,<br><br>Defendants. | CIVIL NO. 14-1276 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On March 31, 2014, Plaintiffs Dr. Ilia M. Laborde Pérez ("Laborde") and Global Education & Instructional Technology Consulting, Inc. ("GEITC") (collectively "Plaintiffs") filed the present case against Defendants Odette Piñeiro Caballero ("Piñeiro"), Josefa Caballero ("Caballero"), Global Education Exchange Opportunities, Inc. ("GEEO"), the Puerto Rico Department of Education ("DOE") and the Puerto Rico Department of Justice ("DOJ"), alleging causes of action from infringement under the Copyright Act, 17 U.S.C. §101, *et. seq.*, the Puerto Rico Intellectual Property Act, P.R. Laws Ann., tit. 31 §401, and for breach of contract under P.R. Laws Ann., tit. 31 §3373, and damages flowing therefrom. (Docket Nos. 1 ). On August 22, 2014, Plaintiffs filed an Amended Verified Complaint. (Docket No. 78).

Before the Court now are a variety of motions by the Defendants, to wit, the DOE's "Motion for Judgment on the Pleadings" (Docket No. 39); Piñeiro and Caballero's "Motion to Dismiss" (Docket No. 40) and the DOE and DOJ's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 41). Before the Court are also Plaintiffs' oppositions to

<u>Dr. Ilia M. Laborde Perez, et al v. Dr. Odette Piñeiro Caballero, et al</u>
Civil No. 14-1276 (CVR)
Opinion and Order
Page 2

---

all of these motions (Docket Nos. 61, 60, and 62, respectively), and Defendants' replies thereto (Docket Nos. 63 and 69). For the following reasons, the Court **GRANTS** both motions filed by the DOE and DOJ and **DENIES** co-Defendants' Piñeiro and Caballero's motion.[1]

### STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); <u>see</u> also <u>Erickson v. Pardus</u>, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>See</u>, <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." <u>Gargano v. Liberty Int'l Underwriters, Inc.</u>, 572 F.3d 45, 48-49 (1st Cir. 2009).

---

[1] The Amended Verified Complaint was filed <u>after</u> the dispositive motions, entertained herein, were filed. However, a review of the Amended Verified Complaint shows that it only adds some facts. Thus, the Amended Verified Complaint does not render moot the pending dispositive motions.

Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; *see, e.g.* Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 129 S.Ct. at 1940. Yet, the court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal under Rule 12(b)(6) is appropriate. Id.

**FACTS**

The heart of this dispute involves an educational model known as "Modelo de Educación Global" ("MEG"), which Plaintiff Laborde alleges she created. Laborde is the sole owner of GEITC, which she alleges to be the only corporation authorized to use and sell the rights for the use and copy of MEG. (Docket No. 78, ¶ 12). Laborde represents that she wrote about MEG in her dissertation, and that she registered MEG in the University of Michigan Catalog, the ProQuest Catalog, and the United States Copyright Office. (Id. at ¶ 11). Laborde claims to have created and authored MEG. (Id. at ¶ 1).

On February 6, 2012, co-defendant Piñeiro met with Laborde "to negotiate and allow" Piñeiro and her corporation, GEEO to use Laborde's MEG model in presenting a proposal to the DOE's "School Improvement Grant" programs. (Id. at ¶ 13). After that meeting, Laborde, together with GEITC and GEEO personnel, incorporated the MEG model into GEEO's "MAGIC" model, and Laborde claims that in return, she was to be compensated. (Id. at ¶ 18). According to Laborde, after her MEG program was incorporated into the MAGIC model, Co-Defendants Piñeiro, Caballero and GEEO have since procured several professional services contracts for the MAGIC model with the Commonwealth of Puerto Rico's DOE, and have earned over six million dollars from those contracts. (Id. at ¶¶ 43-50). Plaintiffs allege Defendants Piñeiro, Caballero and/or GEEO have not paid them for the use of MEG, however, and their corporate profile, brochures, and proposals state that GEEO, not Laborde or GEITC, has the exclusive representation rights of MEG. (Id. at ¶¶ 20-21). Consequently, Laborde claims that Defendants are

currently infringing upon and engaging in acts of misappropriation of her copyrighted work.

On March 31, 2014, Plaintiffs filed a motion for both a TRO and a preliminary injunction against all Defendants, asking the Court to enjoin Co-Defendants GEEO, Piñeiro and Caballero from "further infringing Plaintiff's copyrighted work."(Docket No. 4-1 at ¶ 22). As to the DOE, they sought a cease and desist order preventing them from further illegal use of the MEG model.

On April 15, 2014, the Court denied both the TRO and the injunction at that time on procedural grounds, finding that Plaintiffs had not only failed to give notice to Defendants, but had failed to explain why notice was not required in this specific case. (Docket No. 14).

**LEGAL ANALYSIS**

**A.     DOE's "Motion on the Pleadings" and DOE and DOJ's "Motion to Dismiss for Lack of Subject Matter Jurisdiction".**

The Court analyzes both motions together, as the principal ground for dismissal for both petitions is the same. The DOE's motion at Docket No. 39 requests dismissal on two grounds: 1) that the present suit should be dismissed because it is barred by Eleventh Amendment immunity, and 2) that the present case is not a copyright case, but a garden variety breach of contract and damages claim between Plaintiffs and the remaining parties, which the DOE had nothing to do with. The motion at Docket No. 41, filed by the DOE and

Dr. Ilia M. Laborde Perez, et al v. Dr. Odette Piñeiro Caballero, et al
Civil No. 14-1276 (CVR)
Opinion and Order
Page 6

---

the DOJ[2] re-alleges the request for dismissal on Eleventh Amendment immunity grounds, and further avers that dismissal against them is appropriate as no allegations of copyright infringement have been brought against either party. The Court agrees with these Co-Defendants that the claims against them are barred by Eleventh Amendment immunity.

It has long been held that ... "[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). This is the case whether the named defendant is the state itself or a state official in her official capacity. Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir.2002) ("As a general matter, the Eleventh Amendment bars suits in federal courts against unconsenting states (including 'official capacity' suits against state hierarchs)."); see also, Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citation omitted)).

However, in what has become known as part of the Ex parte Young doctrine, a suit for prospective injunctive relief provides a narrow, but well-established exception to Eleventh Amendment immunity. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), Edelman, 415 U.S. at 677, 94 S.Ct. 1347. Ex parte Young held that the Eleventh Amendment did not bar a federal suit against a state attorney general for enforcing a statute

---

[2] Although a named party, no claims were alleged against the DOJ in the Amended Verified Complaint.

which allegedly violated the Fourteenth Amendment. The reason for the Ex parte Young exception from Eleventh Amendment immunity is that the court found that an official could not be acting on behalf of the state when he or she acted illegally or unconstitutionally. Therefore, while it is clear that it may be possible to sue a state official in his or her official capacity for prospective injunctive relief without violating the Eleventh Amendment, monetary claims against the state agency should be dismissed, even if claims against state officials for prospective injunctive relief can be allowed to go forward. See, Monroe v. Arkansas State Univ., 495 F.3d 591, 594 (8th Cir.2007) (a §1981 suit by a student for injunctive relief against a state university and university officials was viable against the state officials, in their official capacities, but the district court erred in permitting the claim for injunctive relief to proceed against the university).

As applied to the situation before the Court today, it has long been held that for Eleventh Amendment purposes, the Commonwealth of Puerto Rico is considered a state, see, Negrón Gaztambide v. Hernández Torres, 145 F.3d 410 (1st Cir. 1998), and furthermore, that it enjoys the full benefits of the Eleventh Amendment. Ezratty v. Commonwealth of Puerto Rico, 648 F.2d 770, 776 n.7 (1st Cir. 1981). There are, however, two general exceptions to the reach of the Eleventh Amendment: (1) "Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power"; and (2) "[A] State may waive its sovereign immunity by consenting to be sued in federal court." Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003) (*citing* College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670, 119

S.Ct. 2219, 144 L.Ed.2d 605 (1999)). Neither of these exceptions is present here. As far as the Court is aware, no case has found that Puerto Rico has waived its sovereign immunity.

The Commonwealth has not been directly sued in the present case, but rather, two of its instrumentalities. Since a state only exists through its instrumentalities, it has further been held that Eleventh Amendment immunity also extends to arms or "alter egos" of the state. Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir. 1987); see, Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568 (1977). In particular, it has been held that the DOE and DOJ also enjoy this benefit. See, Sánchez Arroyo v. Dept. of Educ. of P.R., 842 F.Supp.2d 416 (D. Puerto Rico 2012)(Dismissing claims against the Department of Education on Eleventh Amendment grounds), and García-Parra v. Puerto Rico, 616 F.Supp.2d 206 (D. Puerto Rico, 2009) (Dismissing Plaintiff's claims against the Commonwealth and the Department of Justice as barred by Eleventh Amendment immunity).

Therefore, in accordance with the line of cases herein cited, the Court finds the Eleventh Amendment bars suit for monetary damages against the DOE and the DOJ. Plaintiffs are only entitled to prospective injunctive relief against an official of said agency, under Ex parte Young. No officials have been sued in the instant case. As such, this is moot.

Plaintiffs aver in their opposition to the motions that under § 511 of the copyright law, a state, instrumentality of the state, or an office or employee of the state cannot be immune on Eleventh Amendment grounds. The DOE answers by stating that many courts

Case 3:14-cv-01276-CVR   Document 79   Filed 08/25/14   Page 9 of 14

Dr. Ilia M. Laborde Perez, et al v. Dr. Odette Piñeiro Caballero, et al
Civil No. 14-1276 (CVR)
Opinion and Order
Page 9

have held this precise statute to be unconstitutional, because they found that Congress had illegally abrogated state sovereign immunity. There is abundant case law for this proposition, including the First Circuit. See, Lane v. First Nat. Bank of Boston, 871 F.2d 166, 169 (1st Cir. 1989)("...in the post- *Atascadero* era, no court to our knowledge has held that the Copyright Act passes the reformulated test for abrogation of Eleventh Amendment protection"); see also, BV Engineering v. University of California Los Angeles, 858 F.2d 1394 (9th Cir. 1987); Chávez v. Arte Público Press, 204 F.3d 601 (5th Cir. 2000) (Congress' purported abrogation of the States' immunity under the Copyright Act was not justified under the Fourteenth Amendment's enforcement provision); Rodríguez v. Texas Comm'n on the Arts, 199 F.3d 279 (5th Cir.2000) (holding that the Patent Remedy Act did not effectively abrogate the States' sovereign immunity because its attempt to do so was not a valid act of Congressional power); Jacobs v. Memphis Convention and Visitors Bureau, 710 F.Supp.2d 663 (W.D. Tenn. 2010) and Whipple v. Utah, 2011 WL 4368568 (D.Utah,2011). Therefore, this argument is inapposite.

The Court needs to go no further and does not reach the parties' additional arguments, as it DISMISSES the monetary claims brought against the DOE and the DOJ, WITH PREJUDICE, on Eleventh Amendment immunity grounds.

**B.     Piñeiro and Caballero's "Motion to Dismiss".**

Co-Defendants Piñeiro and Caballero also move to dismiss all claims against them, averring that Plaintiffs have failed to state a claim against them, as all allegations are against the corporation, GEEO, and not against them personally. Specifically, they allege

that if anything, they acted as "agents duly representing GEEO for the execution of the proposals, verbal agreements and negotiations with Plaintiffs" and since the corporate veil has not been lifted, they cannot be liable in an individual capacity. (Docket No. 40, p. 7). The Court disagrees.

Co-Defendants forget that at this stage, the Court must evaluate the claims presented, making all reasonable inferences in favor of Plaintiffs. As previously discussed, and contrary to these Co-Defendants' assertions, Plaintiffs have alleged a multitude of claims against these specific Co-Defendants, and actions which, if taken as true as the Court must at this stage, defeat Co-Defendants' Motion to Dismiss. Among them are the following:

1) Co-Defendant Piñeiro led Plaintiffs to believe that the agreement of economic compensation for the use of the educational model would be honored, but was not. (Docket No. 78, ¶ 20).

2) Plaintiffs formally requested on several occasions from Defendant GEEO, and their representatives and other Co-Defendants (Piñeiro and Caballero), to draft an agreement in order to evidence in writing their verbal agreement and stating that GEEO and/or Defendants would pay the required compensation to Laborde for the use of the copyright of the MEG for every proposal or contract signed by GEEO with Puerto Rico's DOE or any other entity, and this never materialized. (Docket No. 78, ¶ 27).

3) Laborde worked to implement her program at the Ramón Power y Giralt School and co-Defendant Piñeiro was told about this both by her and the school officials, in order for Laborde to be reimbursed. (Docket No. 78, ¶ 34, 35, 36).

4) On October 30 and again on November 12, 2012, all Defendants (including Piñeiro and Caballero) were notified by Plaintiffs in writing to cease use of Laborde's educational model. (Docket No. 78, ¶ 39).

5) Despite the fact that they were told not to use Plaintiff's model, co-Defendants have sold, offered in their proposals, incorporated and used the Laborde's copyrighted educational model as an integral part of the MAGIC model and are benefitting economically from said illegal use. (Docket No. 78, ¶ 39, 42).

6) Co-Defendants have altered, modified and distorted Plaintiff's copyrighted educational model in a manner that is neither authorized nor desired by her, and in this manner, have infringed upon her right to preserve the integrity of the work. (Docket No. 78, ¶ 36, 41).

Event though Defendants posit they were only "acting as agents" for GEEO in the transactions, this statement cannot be construed to stand for this proposition at this early stage in the litigation, where no discovery has yet been effected and when the Court must make all reasonable inferences in favor of Plaintiffs. Furthermore, the precise paragraph that Co-Defendants quote to stand for the proposition that only corporate (and not

Case 3:14-cv-01276-CVR   Document 79   Filed 08/25/14   Page 12 of 14

Dr. Ilia M. Laborde Perez, et al v. Dr. Odette Piñeiro Caballero, et al
Civil No. 14-1276 (CVR)
Opinion and Order
Page 12

personal) liability should attach, regarding Plaintiffs' petition to draft a written agreement to evidence their verbal contract, specifically states that Plaintiffs requested *GEEO and/or Defendants* to pay the required compensation. On these facts, the Court cannot hold, as a matter of law, that absolutely no actionable claim has been pled against these Co-Defendants. Plaintiffs have surpassed the "conceivable to plausible" hurdle at this stage of the litigation required under Twombly.

Furthermore, regarding the allegations of infringement that have been raised against these Co-Defendants, it has been established that under the 1976 Copyright Act, 17 U.S.C. §§ 101-914, an individual who is the dominant influence in a corporation and has the capacity to control the acts of the corporation may be held jointly liable with the corporation for any proved infringements, even in the absence of the individual's actual knowledge that the infringements occurred. Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc., 656 F.Supp. 826, 828 (M.D.Fla. 1987); Boz Scaggs Music v. KND Corp., 491 F.Supp. 908, 913-14 (D.Conn. 1980).

Another way to determine the issue of whether a corporate officer may be held vicariously liable is examining: (1) whether the officer has a financial stake in the activity and; (2) whether the officer has the ability and right to supervise the activity causing infringement. Fermata Intern. Melodies v. Champions Golf Club, 712 F.Supp. 1257, 1262 (S.D.Tex. 1989), *aff'd*, 915 F.2d 1567 (5th Cir. 1990). All these elements have been applied previously in this district for this particular analysis. See, Pedrosillo Music, Inc. v. Radio Musical, Inc., 815 F.Supp. 511 (D. Puerto Rico 1993).

At this stage, it has been established that Co-Defendant Piñeiro is the resident agent for GEEO, that she and Co-Defendant Caballero were GEEO's incorporators, that Co-Defendant Piñeiro is a Director in said corporation, that at the time the events that gave rise to this cause of action occurred, Co-Defendant Caballero was President of GEEO's Board, and that Co-Defendant Piñeiro herself has admitted to owning GEEO. It is clear from the record so far that, wearing these different hats, these two Co-Defendants could have had the right and ability to control the corporation's activities, appear to have a financial interest in those activities, and have had sufficient involvement with the negotiations of the model at issue to be able to avoid infringements of the copyright at issue. Consequently, the Court finds that at this stage, Plaintiffs have established a colorable claim that Co-Defendants Piñeiro and Carrasquillo could be responsible for the copyright violations. The Court therefore DENIES these Co-Defendants' Motion to Dismiss these claims.

## CONCLUSION

For the aforementioned reasons, the Court finds as follows regarding the pending dispositive motions before it:

- The Department of Education's "Motion for Judgment on the Pleadings" (Docket No. 39) is GRANTED.

- Dr. Odette Piñeiro and Josefa Caballero's "Motion to Dismiss" (Docket No. 40) is DENIED.

- The Department of Education and Department of Justice's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 41) is GRANTED.

Accordingly, all claims filed against the Department of Education and the Department of Justice are DISMISSED WITH PREJUDICE. Partial Judgment is to be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 25th day of August, 2014.

                                          S/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ RIVE
                                          UNITED STATES MAGISTRATE JUDGE